**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David SAHAKIAN, Defendant–Appellant.**

**No. 91–10199.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1992.

Decided May 26, 1992.

Patience Milrod, Milrod & Phillips, Fresno, Cal., for defendant-appellant.

Karen A. Kalmanir, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before GOODWIN, SCHROEDER, and LEAVY, Circuit Judges.

SCHROEDER, Circuit Judge:

David Sahakian was convicted by a federal jury for violation of 18 U.S.C. § 922(g)(1) (1988) (felon in possession of a firearm) and sentenced to a term enhanced by 18 U.S.C. § 924(e)(1) (Armed Career Criminal Act). He appeals from both his conviction and the 360–month sentence imposed under the Sentencing Guidelines. He claims his sentence was improperly based on the court's application of the Career Offender guideline set forth in United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), § 4B1.1 (Nov. 1990). We affirm Sahakian's conviction because the claims of trial error do not merit reversal. The Guidelines sentence, however, presents a serious issue, because the proper application in this circuit of section 4B1.1 to persons convicted of being a felon in possession was unsettled at the time of sentencing. We now hold that, following the November 1, 1989 revision of the definitional provision of U.S.S.G. § 4B1.2, being a felon in possession of a firearm is not a crime of violence for purposes of applying the Career Offender guideline. We vacate the sentence and remand for resentencing.

■ We turn briefly to the two challenges Sahakian raises to his conviction. Sahakian first contends that the district court should have held an evidentiary hearing to determine whether any jury member's objectivity had been tainted by witnessing a courtroom outburst by Sahakian before trial. The outburst caused the court to have marshals remove Sahakian. Members of the venire were waiting in the hall outside the courtroom at the time. Although Sahakian now contends that there should have been an evidentiary hearing into the extent of jury taint, the defense made no request for one. Rather, the defense counsel moved for a continuance so that an entirely new venire could be assembled, a measure the court apparently found unnecessary under the circumstances. There was no plain error in failing to conduct an evidentiary hearing sua sponte, since the court went on to conduct a proper voir dire to ensure that each juror selected was fair and impartial. *Cf. United States v. Steel*, 759 F.2d 706, 710 (9th Cir.1985).

■ Sahakian's second claim of trial error is that the district court abused its discretion in excluding Sahakian's offer of proof that his possession of the weapon was in self defense. The evidence was inadequate as a matter of law to make out the elements of a self-defense justification. *See United States v. Contento–Pachon*, 723 F.2d 691, 693 (9th Cir.1984) (citing *Sandstrom v. Montana*, 442 U.S. 510, 523, 99 S.Ct. 2450, 2458–59, 61 L.Ed.2d 39 (1979)).

This court has articulated four factors which must be present to make out a justification defense to a charge of being a felon in possession of a firearm. *See United States v. Lemon*, 824 F.2d 763, 765 (9th Cir.1987). As the district court here observed, the facts offered by Sahakian fall well short of proving at least two of the elements set forth in *Lemon:* Sahakian could not demonstrate that he was under a sufficiently "present" threat, since the evidence he relied upon to establish the defense was an assault that had occurred 36 days before the possession in question. He also failed to demonstrate that he had no reasonable legal alternatives to acquiring a firearm.

We now turn to Sahakian's sentence appeal where he claims that the district court erred when it sentenced him as a career offender under U.S.S.G. § 4B1.1. Section 4B1.1 increases the sentence of certain "career offenders" following conviction for a "crime of violence." The issue in this case is whether Sahakian was convicted of such a crime. In applying this section, the district court effectively doubled Sahakian's term of incarceration on the grounds that possession of a firearm by a felon is a crime of violence as defined in U.S.S.G. § 4B1.2.

Prior to November of 1989, section 4B1.2 defined crime of violence by incorporating 18 U.S.C. § 16's definition of that term. Thus a "crime of violence" included any felony offense "that, by its nature, involves a substantial risk that physical force against the person and property of another may be used." [1] This court has held that, under this definition, possession of a firearm by a felon should be treated as a crime of violence for purposes of U.S.S.G. § 4B1.1. *United States v. O'Neal,* 937 F.2d 1369, 1375 (9th Cir.1990).

On November 1, 1989, after the sentencing reviewed in *O'Neal* but prior to the sentencing of Sahakian in this case, the Sentencing Guidelines Commission amended section 4B1.2. *See* U.S.S.G.App. C (amendment 268). The amendment deleted reference to 18 U.S.C. § 16 and instead redefined crime of violence to be, in pertinent part, any offense that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) ... involved conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). This amendment called into question the continuing viability of *O'Neal*'s conclusion that being a felon in possession of a firearm is a crime of violence for purposes of the Career Offender guideline. The amendment shifted the emphasis from an analysis of the "nature" of the crime charged to an analysis of the elements of the crime charged or whether the actual charged "conduct" of the defendant presented a serious risk of physical injury to another. The Commentary Application Note explains that category (ii) was intended to reach crimes where "the conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted involved use of explosives ... or, by

its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, comment (n.2).

■ In the present case, Sahakian's indictment charged him with "possess[ing] a firearm." This crime does not have as an element the actual, attempted or threatened use of violence nor does the actual conduct it charges involve a serious potential risk of physical injury to another. We therefore conclude that this conviction of being a felon in possession is not a conviction of a crime of violence under the 1989 amendment. This conclusion is bolstered by the recent amendment to the Application Notes of section 4B1.2. *See* U.S.S.G.App. C (amendment 433) (adding to Application Note 1 the statement that "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon."). This clarifying amendment confirms our reading of the effect of the 1989 amendment.

Our reading of section 4B1.2 also comports with the law of other circuits which have addressed the issue. *See United States v. Shano,* 955 F.2d 291, 294–95 (5th Cir.), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 1520, 118 L.Ed.2d 201 (1992); *United States v. Johnson,* 953 F.2d 110, 113 (4th Cir.1991) (felon in possession not per se crime of violence); *United States v. Williams,* 892 F.2d 296, 304 (3d Cir.1989) (decided prior to 1989 amendment), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990). *Cf. United States v. Walker,* 930 F.2d 789, 794–95 (10th Cir. 1991) (rejecting categorical approach and instead looking to conduct of felon to determine if instant conviction is for crime of violence). *But see United States v. Stinson,* 957 F.2d 813, 814–15 (11th Cir.1992) (denying petition for rehearing), in which the Eleventh Circuit declined to give

---

**1.** The prior version of section 4B1.2 provided: "The term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16." That section, in turn, defined a crime of violence to be:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, *by its nature,* involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (1988) (emphasis added).

amendment 433 effect over that circuit's own authoritative interpretation of the post–1989 amendment guideline. *Id.* (citing *United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991)) (possession of a firearm by a felon is a crime of violence).

Sahakian was properly convicted of the crime of being a felon in possession of a firearm, but under the amended guidelines, his sentence should not have been enhanced.

The conviction is AFFIRMED; the sentence is VACATED and the case is REMANDED for resentencing without application of a career criminal enhancement.