974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Bernard WIDBY, Defendant-Appellant.
 No. 91-50037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Decided Sept. 3, 1992.
 
 1
 Appeal from the United District Court for the Central District of California, No. CR-89-0970-JMI-1; James M. Ideman, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 4
 Before TANG, and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Joseph Widby, an African American, was arrested during Operation Streetsweep, a nationwide law enforcement crackdown targeting gang members. Widby appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).
 
 
 7
 Widby also appeals the district court's enhancement of his sentence, pursuant to Sentencing Guidelines § 4B1.1. The district court ruled that possession of a firearm by a felon constitutes a crime of violence. We affirm Widby's conviction, but vacate his sentence and remand for resentencing.
 
 DISCUSSION
 I. Denial of Continuance
 
 8
 Widby argues that the district court committed reversible error when it denied his request for a continuance in order to locate witness Jerry Allen. We hold that the district court did not abuse its discretion in denying the continuance. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (denial of continuance reviewed under abuse of discretion standard).
 
 
 9
 In evaluating the propriety of the district court's denial, we consider (i) Widby's diligence; (ii) the likelihood that the continuance would have satisfied Widby's needs; (iii) the hardship a continuance would impose on the court and parties; and (iv) the harm Widby suffered as a result of the denial. See United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985), amended, 764 F.2d 675 (9th Cir.1985); see also Shirley, 884 F.2d at 1134. At a minimum, Widby must demonstrate actual prejudice before his sentence will be reversed. Shirley, 884 F.2d at 1134; Flynt, 756 F.2d at 1359.
 
 
 10
 The district court's conclusion that Widby did not exercise diligence in his efforts to obtain Allen's testimony was not an abuse of discretion. Although Widby had subpoenaed Allen to appear at the suppression hearing, Widby never subpoenaed Allen to testify at trial.
 
 
 11
 When Widby informed the court that Allen had been arrested by state authorities on a traffic warrant, the district court immediately granted Widby's request that the government prepare a writ of habeas corpus ad testificandum for Allen. The district court cautioned Widby, however, that he should not rely on the writ alone to secure Allen's presence:
 
 
 12
 I'd be happy to sign it [the writ] if you get the paperwork started. However, you might have your investigator contact the Compton court because oftentimes when people come to traffic court, they make their peace with the Court and they're released. So by the time this writ can be handed--
 
 
 13
 He may be on the streets already, depending on how many warrants he has and what the judge wants to do about it.
 
 
 14
 Despite the district court's warning, Widby failed to determine whether Allen had been released or was still in state custody. Consequently, when the government presented the writ to the court the next day, Widby was unable to supply the court with the address for Allen needed to complete the writ.[1]
 
 
 15
 Additionally, the district court noted that Widby never requested a body attachment from the court. Had Widby made such a request in a timely manner, the district court noted, no continuance would have been necessary.
 
 
 16
 When he failed to appear on the 24th--Today is the 27th. When he failed to appear on the 24th, you could have gotten a body attachment from the Court and reference could have been made to arrest him and bring him before the Court.
 
 
 17
 * * *
 
 
 18
 [T]he marshals would have had now three days to have located him and brought him in. Chances are they could have done it by now.
 
 
 19
 Widby also failed to demonstrate that a continuance probably would have resulted in Allen's appearance. Allen had never promised to testify at the trial. Nor was Widby even able to show that Allen could be found. At the time the continuance was requested, Widby still had no address for Allen. The best Widby could offer were cross-streets where Allen had been contacted previously. The district court understandably expressed skepticism at granting a continuance on the basis of speculation about a witness's whereabouts:
 
 
 20
 So we should continue until the marshal goes out to the corner of Atlantic and Caldwell, stakes him out and you can seize him[?]
 
 
 21
 We have previously upheld the denial of a continuance when it was uncertain whether a prospective witness could be procured to testify. United States v. Hoyos, 573 F.2d 1111, 1114 (9th Cir.1978); Powell v. United States, 420 F.2d 799, 801 (9th Cir.1969).
 
 
 22
 Finally, Widby failed to demonstrate prejudice. Widby conceded that Allen's testimony was duplicative of testimony already offered by another witness and ultimately rejected by the jury. In light of Widby's confession and the testimony of the two police officers, we are hard-pressed to find prejudice arising from the absence of redundant testimony. See United States v. Barrett, 703 F.2d 1076, 1081-82 (9th Cir.1983) (denial of continuance not reversible error where evidence against defendant was "overwhelming" and could not have been overcome by defense evidence collected during the continuance).[2]
 
 
 23
 In light of Widby's lack of diligence, his inability to demonstrate that a continuance would have actually produced the witness, and the absence of prejudice, the district court's denial of a continuance was well within its discretion.[3]
 
 II. Sentencing
 
 24
 Widby was sentenced on January 7, 1991. The district court sentenced Widby as a career offender under Sentencing Guidelines § 4B1.1. Relying on our decision in United States v. O'Neal, 937 F.2d 1369, 1375 (9th Cir.1990), the district court ruled that being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), is a "crime of violence" within the meaning of sections 4B1.1 and 4B1.2.
 
 
 25
 Since the district court's decision, we have ruled that, following the November 1989 revisions to section 4B1.2, being a felon in possession of a firearm is not per se a crime of violence. United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992); see also United States v. Alvarez, No. 90-50298, slip op. 9813, 9829-30 (9th Cir.1992) (as amended, Aug. 17, 1992).
 
 
 26
 At oral argument, the government conceded that Widby's sentence is erroneous in light of Sahakian. We agree. Because the crime of which Widby was convicted is not per se a crime of violence and because the indictment does not charge Widby with engaging in conduct posing a serious risk of harm to others, see id., we vacate Widby's sentence and remand for resentencing in light of this decision and our opinion in Sahakian.
 
 
 27
 AFFIRMED IN PART and VACATED and REMANDED IN PART.
 
 
 
 *
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Widby's assertions, we find no negligence on the part of the government in preparing the writ of habeas corpus ad testificandum
 
 
 [2]
 We agree with Widby that the continuance would not have imposed an excessive hardship on the court or parties. This consideration alone, however, does not outweigh the other factors militating against the grant of a continuance
 
 
 [3]
 In his brief on appeal, Widby also challenged the district court's decision to deny discovery on his selective prosecution claim. At oral argument, Widby conceded that the district court's decision was not an abuse of discretion. We agree. See United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992)