977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Charles DANFORTH, Defendant-Appellant.
 No. 91-30355.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 9, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Danforth appeals from his sentence, imposed following a jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Danforth contends that the district court erred by sentencing him as a career offender under the United States Sentencing Guidelines § 4B1.2. We vacate the sentence and remand for resentencing.
 
 
 3
 We review de novo the district court's interpretation of the Guidelines. United States v. Huffhines, 967 F.2d 314, 320 (9th Cir.1992). Under the Guidelines, a defendant is considered a career offender if his instant offense is a violent felony and he has two prior felony convictions for violent offenses or offenses involving controlled substances. U.S.S.G. § 4B1.2.
 
 
 4
 Prior to the effective date of the 1989 amendments to the Guidelines, possession of a firearm by a felon was considered a crime of violence for purposes of the career offender provisions. See U.S.S.G. § 4B1.2 (1988); United States v. O'Neal, 937 F.2d 1369, 1374-75 (9th Cir.1990). The relevant definition was amended as of November 1, 1989, however, and under the Guidelines in effect since that date, firearm possession by a felon is no longer a predicate crime of violence. United States v. Sahakian, 965 F.2d 740, 741-42 (9th Cir.1992); accord Huffhines, 967 F.2d at 321-22; see also U.S.S.G.App. C (amendment 433) (adding to Application Note 1 the statement that "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon.").
 
 
 5
 In this case, the fact that Danforth's possession of a loaded firearm at the time he was illegally in possession may have presented a serious potential risk of physical injury to others is not germane to our analysis. Danforth's indictment charged him with "knowingly possess[ing] a firearm." As in Sahakian, this crime does not have as an element the actual, attempted, or threatened use of violence nor does the actual conduct it charges involve a serious potential risk of physical injury to another. See U.S.S.G. § 4B1.2, Application Note 2; 965 F.2d at 742. Additionally, the 1991 amendments make clear that only the charged conduct can be considered in assessing whether the crime of conviction is a crime of violence. See U.S.S.G. § 4B1.2, Application Note 2 (A crime of violence includes offenses where the "conduct set forth in the count of which the defendant was convicted ... by its nature presented a serious potential risk of physical injury to another.").
 
 
 6
 Danforth was properly convicted of the crime of being a felon in possession of a firearm, but under the amended guidelines, his sentence should not have been enhanced. The sentence is vacated and the case is remanded for resentencing without application of a career criminal enhancement.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3