979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Novoa ROSALES, Defendant-Appellant.
 No. 91-50701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 17, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Novoa Rosales appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Rosales also appeals the district court's enhancement of his sentence resulting from the court's classification of Rosales as a career offender pursuant to U.S.S.G. § 4B1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm Rosales' conviction, but vacate his sentence and remand for resentencing.
 
 
 3
 * Rosales argues that there is insufficient evidence to support his convictions under 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d). We must determine whether, viewing the evidence in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt of each essential element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Sitton, 968 F.2d 947, 959 (9th Cir.1992).
 
 
 4
 Rosales was arrested on September 5, 1990 after his parole officer discovered a sawed-off shotgun and a semiautomatic assault rifle in the closet of an apartment bedroom shared by Rosales and Marie Pacheco. Rosales claims that there is no evidence to support the conclusion that the two firearms were his property or that he possessed them within the meaning of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d).
 
 
 5
 "The element of possession does not require proof of exclusive actual possession; it may be satisfied by proof of constructive or joint possession." United States v. Soto, 779 F.2d 558, 560 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987). "[W]here the premises are shared by more than one person, the Ninth Circuit has found that if a party has knowledge of the weapon and both the power and the intention to exercise dominion and control over it, then he has constructive possession." U.S. v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
 
 
 6
 The evidence at trial established both that Rosales had knowledge that the firearms were present and that Rosales intended to exercise dominion and control over them. Rosales lived in the apartment with Pacheco, slept in her bedroom every night for approximately one month prior to his arrest, and stored his belongings in the closet in which the firearms were found. The firearms were in plain sight for at least one week. Pacheco testified that on at least two occasions, she indicated to Rosales her opposition to the presence of the firearms in their closet. There is no evidence that one of the other occupants of the apartment had any connection to the weapons or used the bedroom closet for any purpose. There is sufficient evidence from which a rational trier of fact could find that Rosales' "knowledge of the gun[s]' location and his unhindered access to [them] ... gave him constructive possession of the weapon[s]." Terry, 911 F.2d at 278.
 
 II
 
 7
 Rosales was sentenced on September 17, 1991 as a career offender under U.S.S.G. § 4B1.1. Pursuant to § 4B1.1, the sentences of certain "career offenders" are adjusted upward following conviction for a "crime of violence." Apparently relying on United States v. O'Neal, 937 F.2d 1369, 1375 (9th Cir.1990), the district court concluded that possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d), are "crimes of violence" within the meaning of U.S.S.G. §§ 4B1.1. and 4B1.2.
 
 
 8
 Since the district court's sentencing of Rosales, we have held that, "following the November 1, 1989 revision of the definitional provision of U.S.S.G. § 4B1.2, being a felon in possession of a firearm is not a crime of violence for purposes of applying the Career Offender guideline." United States v. Sahakian, 965 F.2d 740, 741 (9th Cir.1992).[1] As the instant crimes for which Rosales was convicted are not crimes of violence per se and because the indictment does not charge Rosales with engaging in conduct involving "a serious potential risk of physical injury to another," we must vacate Rosales' sentence and remand for resentencing. See U.S. v. Daly, --- F.2d ----, No. 91-50242 (9th Cir. September 11, 1992).
 
 
 9
 AFFIRMED IN PART and VACATED and REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that possession of an unregistered firearm may constitute a crime of violence regardless of whether being a felon in possession of a firearm remains a crime of violence. However, as Sahakian notes, the 1989 amendment to section 4B1.2 "shifted the emphasis from an analysis of the 'nature' of the crime charged to an analysis of the elements of the crime charged or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." Id. at 742. Thus any indictment charging a defendant with simply "possessing a firearm" would seem to be governed by Sahakian 's interpretation of § 4B1.2. The government's attempt to distinguish the two crimes is unsuccessful
 Our decision in Sahakian also renders the government's other argument, that Amendment 433 is ineffective, immaterial.