988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan McGINLEY, Defendant-Appellant.
 No. 92-30043.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided March 9, 1993.
 
 1
 Appeal from the United States District Court for the District of Oregon; No. CR-91-60012-01-WAI, William A. Ingram, District Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 AFFIRMED.
 
 
 4
 Before TANG, POOLE and RYMER, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Jonathan McGinley appeals his sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), on the grounds that the district court erred in finding that he had three previous convictions for a "violent felony," and that U.S.S.G. § 4B1.4 was the proper guideline to apply even though it was enacted after McGinley's offense was committed. We affirm.
 
 
 7
 * McGinley argues that he has only two of the three convictions for a violent felony required for sentencing under § 924(e)(1) because his October 20, 1975 conviction should not count. His contention that he was seventeen years old when the crime was committed fails because McGinley was tried and convicted as an adult, and his crime was punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4A1.2(d) and comment. (n. 7). His argument that the 1975 offense is stale also fails because convictions more than fifteen years old may be counted as predicate offenses for purposes of sentencing under § 924(e). United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.1992).
 
 II
 
 8
 McGinley argues that his sentence as an armed career criminal under U.S.S.G. § 4B1.4 (Nov. 1991) is an ex post facto violation because § 4B1.4 was not in place when his offense was committed on October 25, 1989, and that enhancing his sentence under that section disadvantages him by raising his offense level from 9--as it would have been under U.S.S.G. § 2K2.1, which was in place at the time the offense was committed and which McGinley contends is the guideline most applicable to his offense of conviction--to 37. Thus, he urges, retrospective application of § 4B1.4 is improper under Miller v. Florida, 482 U.S. 423 (1987).
 
 
 9
 At the time of McGinley's sentencing on January 14, 1992, two guideline sections were potentially applicable to the offense of possession of a weapon by an ex-felon in violation of 18 U.S.C. § 922(g) and § 924(e): § 2K2.1 (unlawful possession of firearms), and § 4B1.4 (Armed Career Criminal). At the time his offense was committed, two sections were potentially applicable: § 2K2.1 (unlawful possession of firearms), and § 4B1.1 (Career Offender).
 
 
 10
 Before the definitional section (§ 4B1.2) was amended in November 1989, § 4B1.1 was the career offender guideline used to enhance sentences pursuant to the ACCA, 18 U.S.C. § 924(e), for felons in possession of firearms. See United States v. O'Neal, 937 F.2d 1369, 1374-75 (9th Cir.1991); United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992) (following November 1, 1989 revisions to § 4B1.2, being a felon in possession of a firearm is not a crime of violence for purposes of applying § 4B1.1); see also Alvarez, 972 F.2d at 1007 (§ 4B1.1 (Nov. 1990) is not applicable to felon in possession of firearm since defendant does not qualify as a career offender under Sahakian ); United States v. Huffhines, 967 F.2d 314, 321-22 (9th Cir.1992) (being a felon in possession of a firearm is not a crime of violence under 1989 amendments to § 4B1.1). Section 4B1.2 comment. (n. 2) was amended again, effective November 1, 1991, specifically to exclude the offense of unlawful possession of a firearm by a felon from the term "crime of violence" in § 4B1.1 (Career Offender). At the same time, a new section, § 4B1.4 (Armed Career Criminal), was added to address cases subject to a sentence enhancement under 18 U.S.C. § 924(e). The amendment to § 4B1.2 makes clear that when, as in McGinley's case, the instant offense is the unlawful possession of a firearm by a felon, the specific offense characteristics of § 2K2.1 apply; if, however, the defendant's sentence is subject to enhancement under 18 U.S.C. § 924(e), as McGinley's was, U.S.S.G. § 4B1.4 applies. U.S.S.G. § 4B1.2 comment. (n. 2) (Nov. 1991); § 2K2.1 comment. (n. 17).[1]
 
 
 11
 Section 4B1.4 was therefore the applicable guideline at the time of sentencing. The district court did not err in concluding that as of the date the offense was committed, October 25, 1989, § 4B1.1 applied to enhance the sentence of career offenders convicted of being a felon in possession of a firearm. See Dobbert v. Florida, 432 U.S. 282 (1977) (statute in place at time of the offense, even though later declared unconstitutional, is the operative fact for purposes of ex post facto clause). It was the 1989 amendments to § 4B1.2 which called the applicability of § 4B1.1 into question. Sahakian, 965 F.2d at 741-42. McGinley committed the instant offense before these amendments took effect on November 1, 1989. The district court therefore correctly compared McGinley's sentence under § 4B1.4 to § 4B1.1, not § 2K2.1.
 
 
 12
 McGinley does not argue that the sentence under § 4B1.4 is greater than under § 4B1.1. His enhanced maximum penalty under § 924(e) was life in prison; the corresponding offense level under § 4B1.1 as of October, 1989 would have been an offense level of 37, with a category VI criminal history. U.S.S.G. § 4B1.1 (1988). The resulting sentencing range would have been from 360 months to life. U.S.S.G. Ch. 5, Part A, Sentencing Table (1988). As the same sentencing range applies under the November 1991 Guidelines, see id. (1991), and McGinley was actually sentenced to 360 months under § 4B1.4 (Nov. 1991), there is no ex post facto violation.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Application note 17 to § 2K2.1 states:
 A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an Armed Career Criminal. See § 4B1.4.
 U.S.S.G. § 2K2.1 comment. (n. 17).