990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight Bernard FITE, Defendant-Appellant.
 No. 92-50293.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.
Decided April 8, 1993.
 
 Before HALL, WIGGINSD and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dwight B. Fite appeals his 188-month sentence as an armed career criminal under section 4B1.4 of the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 924(e), following his jury conviction of felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). We affirm.
 
 
 3
 Fite contends that the district court improperly sentenced him under Sentencing Guideline section 4B1.4 because being a felon in possession of a firearm is not a "crime of violence" for purposes of applying the career offender guideline. Fite is correct that the offense of unlawful possession of a firearm by a felon is not a "crime of violence" within the meaning of the career offender guideline, section 4B1.1 of the Sentencing Guidelines. See U.S.S.G. § 4B1.2(1) & comment. (n. 2) (Nov. 1991); United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992).[1] Fite, however was not sentenced under guidelines 4B1.1; nor could he have been, because "the instant offense of conviction," possession of a firearm, is not a "crime of violence." See U.S.S.G. § 4B1.1.
 
 
 4
 Instead, Fite was sentenced as an armed career criminal under guideline 4B1.4 because he is "subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). He is subject to sentence enhancement under section 924(e) because the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and he has at least three prior convictions for violent felonies committed on different occasions. 18 U.S.C. § 924(e)(1)(1988). None of those prior convictions were for possession of a firearm; all are for undeniably violent felonies: assault with a deadly weapon, battery on a peace officer, voluntary manslaughter, involuntary manslaughter, sodomy by force, and robbery. See id. § 924(e)(2)(B). It is thus irrelevant for purposes of this appeal whether or not a prior conviction for unlawful possession of a firearm could constitute a conviction for a "violent felony" within the meaning of section 924(e) and guideline 4B1.4. See U.S.S.G. § 4B1.4 comment (n. 1) (definitions of "crime of violence" and "violent felony" are not identical).
 
 
 5
 The sentence is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 David Sahakian was erroneously sentenced under section 4B1.1 because his offense of conviction, felon in possession of a firearm, was not a "crime of violence." Sahakian, like Fite, was convicted of a violation of 18 U.S.C. § 922(g)(1) and was subject to sentence enhancement under 18 U.S.C. § 924(e). 965 F.2d at 741. The court did not hold that sentence enhancement was improper; only that § 4B1.1 was not the proper guideline. Guideline 4B1.4 was not in effect at the time Sahakian was sentenced, as it was added effective November 1, 1990