995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie EVERETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin WARE, Defendant-Appellant.
 Nos. 91-50610, 91-50648.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided June 3, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 A.
 1.
 
 2
 The district court did not abuse its discretion in denying Everett's motion for a continuance to procure witnesses because Everett failed to satisfy the requirements for such a request. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1052 (9th Cir.1990); United States v. Sterling, 742 F.2d 521, 527 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985). Although Everett identified the two potential witnesses, he failed to "establish with any precision" what their testimony would be and whether they had in fact agreed to testify. United States v. Hoyos, 573 F.2d 1111, 1114 (9th Cir.1978). Defendant also failed to demonstrate that the witnesses could have been produced if the motion was granted. Defense counsel stated that he had been attempting unsuccessfully to subpoena Mr. Randall for several weeks, and that Mr. Hooker, who had been subpoenaed, failed to appear. Furthermore, defendant had until the final day of trial to secure the witnesses and failed to do so. The denial was not improper. See Gonzalez-Sandoval, 894 F.2d at 1052; United States v. Hernandez, 608 F.2d 741, 746 (9th Cir.1979); Hoyos, 573 F.2d at 1114. Finally, defendant did not establish due diligence in seeking the witnesses' presence at trial in that he had over three months to secure the witnesses, and has never explained the reason for the delay.
 
 2.
 
 3
 The most that can be said of Agent Senecal's testimony to the grand jury concerning the street value of the 107.7 grams of cocaine base delivered to Mack was that it was incorrect. In any event, the alleged perjury was not material to defendant's guilt or innocence, and was therefore "necessarily harmless." Reversal is not required. United States v. Sitton, 968 F.2d 947, 954 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992) (employing a harmless error analysis).
 
 3.
 
 4
 Because Everett failed to make a motion for acquittal at the end of trial, he has waived any claim for reversal based on insufficiency of the evidence. United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990) (citing United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989)). We therefore review only for plain error. Id.
 
 
 5
 The following facts support the jury's finding that Everett and Ware conspired together: (1) Ware introduced Mack to Everett, (2) Ware responded twice when Mack paged Everett, (3) Ware checked to see if Mack was satisfied with the January 8, 1991 deal, (4) Ware urged Mack to complete the second narcotics deal with Everett and (5) Ware offered to make the second delivery himself. This is proof of more than a slight connection to the conspiracy, which is all that is necessary to support a conviction. United States v. Mares, 940 F.2d 455, 459 (9th Cir.1991).
 
 
 6
 Everett's argument that the absence of fingerprint analysis, recordings of wire transmissions, and photographs of the delivery of cocaine base prevents a finding of possession ignores the testimony of Mack and the surveillance officers. There is no error.
 
 4.
 
 7
 Although courts generally decline to review ineffective assistance of counsel claims on direct review, United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992), there is no reason to defer a ruling here since defendant stipulated to the evidence of the weight and purity of the cocaine base before it was presented to the jury. See United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991) (ineffective assistance of counsel claims may be addressed on direct appeal where the record is sufficiently developed to resolve the issue). This claim is without merit.
 
 5.
 
 8
 United States v. Sahakian, 965 F.2d 740 (9th Cir.1992) and United States v. Huffhines, 967 F.2d 314 (9th Cir.1992) establish that under the 1989 revision of the career offender guideline, U.S.S.G. § 4B1.1, a conviction of the crime of being a felon in possession of a firearm is not a conviction of a crime of violence for "career offender" purposes. We therefore remand so that Everett may be resentenced without the use of the career offender provisions.[1] However, on remand, Everett's base offense level of 38, which is premised upon his criminal activity, including the amount of narcotics involved and his leadership role, is to remain at level 38.
 
 6.
 
 9
 Everett's argument that his offense level should have been based solely on the amount of drugs he actually sold to Mack and not on the amount negotiated is contrary to the Sentencing Guidelines and the law of this circuit. See U.S.S.G. § 2D1.4 ("If a defendant is convicted of a conspiracy or he attempts to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed"); United States v. Alvarez-Cardenas, 902 F.2d 734, 739 (9th Cir.1990) ("the offense level for a conspiracy is determined by the amount that a defendant conspired to sell and not by the amount ultimately sold"; interpreting § 2D1.4). See also United States v. Monroe, 943 F.2d 1007, 1018-19 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992) (where defendant and co-conspirator evidenced intention and ability to produce negotiated amount of marijuana, full amount was properly included in base offense level even though conspiracy was incomplete).
 
 7.
 
 10
 Everett mistakenly believes that he received a four-point adjustment under U.S.S.G. § 3B1.1(a) for his leadership role in the offense. In actuality, Everett received a two-point upward adjustment under U.S.S.G. § 3B1.1(c) for being a manager or organizer. To the extent Everett challenges the district court's findings under § 3B1.1(c), we review for clear error. Monroe, 943 F.2d at 1019. We find none. See, e.g., Monroe, 943 F.2d at 1019 (defendant properly characterized as a leader where record showed he played a decisive role in decision to ship marijuana to United States and coordinated logistics); United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990) (defendant was properly considered a leader where he had overall control of transaction, including negotiations and details of transaction).
 
 B.
 1.
 
 11
 Applying the most generous standard of review to Ware's insufficiency of the evidence claim, we conclude that the evidence was sufficient to support the verdict. See United States v. Roston, 986 F.2d 1287, 1289-90 (9th Cir.1993) (recognizing that standard of review is unclear where defendant does not move for judgment of acquittal under Rule 29(c) until after jury has returned its verdict, but concluding that even under Jackson v. Virginia, 443 U.S. 307, 319 (1979) standard, evidence was sufficient to support conviction).
 
 
 12
 The record establishes that Ware and Everett were, as described by Ware himself, "one in the same [sic]" for purposes of the narcotics transactions with Mack. Our findings regarding Everett's conspiracy conviction also incriminate Ware. Because we find ample evidence of an agreement, we need not address Ware's alternative argument.
 
 2.
 
 13
 Ware himself proposed the jury instruction he now challenges. The invited error doctrine applies and review is barred. United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.1993); United States v. Smith, 891 F.2d 703, 710 (9th Cir.1989), amended, 906 F.2d 385 (9th Cir.), cert. denied, 498 U.S. 811 (1990). Were we to address the merits, we would hold that this claim is meritless.
 
 3.
 
 14
 Contrary to defendant's argument, inconsistency in the verdict does not necessarily require reversal. United States v. Hart, 963 F.2d 1278, 1280-82 (9th Cir.1992) (discussing United States v. Powell, 469 U.S. 57 (1984)). Furthermore, as pointed out by the government, none of the fourteen overt acts charged in the conspiracy count states that defendant distributed or possessed with intent to distribute cocaine base. Thus, defendant's acquittals for possession with intent to distribute and distribution of cocaine basis did not affect any of the overt acts listed in the conspiracy count.
 
 
 15
 Defendant Everett's conviction is AFFIRMED, the sentence is VACATED, and the case REMANDED for resentencing with instructions.
 
 
 16
 Defendant Ware's judgment of conviction is AFFIRMED in all respects.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 The government concurs