**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Demetrius Jerome HAYES, Defendant–Appellant.**

**No. 91–30432.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1993.

Decided June 9, 1993.

---

Carol Koller, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Douglas B. Whalley, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, ALARCON, and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether being a felon in possession of a sawed-off shotgun and possessing an unregistered sawed-off shotgun are crimes of violence for purposes of the Career Offender provisions of the Sentencing Guidelines. We hold that they are and affirm Hayes' sentence.

**I**

A jury convicted Hayes of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d). Because the district court found that these were crimes of violence and that Hayes had two previous felony convictions for violent crimes, it sentenced him as a career offender. Hayes appeals his conviction and sentence. We affirmed his conviction in a separate memorandum disposition. Here, we address only his sentencing objection.

We review de novo the district court's interpretation of the Guidelines. *United States v. Young*, 990 F.2d 469, 471 (9th Cir. 1993).

A defendant qualifies as a career offender if he is convicted of a felony that is a crime of violence and has two previous felony convictions for crimes of violence. U.S.S.G. § 4B1.1; *Young*, at 470. Section 4B1.2(1) defines a crime of violence as a felony offense under federal or state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or ... involves conduct that presents a serious potential risk of physical injury to another." Because the statutory definitions of Hayes' instant convictions do not involve the use, attempted use or threatened use of physical force against another, we focus solely on whether the charged conduct presented a serious potential risk of physical injury to another. *See Young*, at 471.

We conclude that in Hayes' case it does. He was charged with one count of being a felon in possession of a sawed-off shotgun and one count of possessing an unregistered sawed-off shotgun. We have held that "being a felon in possession of a firearm is not a crime of violence for purposes of applying the Career Offender guideline." *United States v. Sahakian*, 965 F.2d 740, 741 (9th Cir.1992); *United States v. Huffhines*, 967 F.2d 314, 321–22 (9th Cir.1992). Those cases, however, did not consider charged conduct involving sawed-off shotguns. As we said in *United States v. Dunn*, 946 F.2d 615, 621 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 401, 116 L.Ed.2d 350 (1991), and *Huffhines*, 967 F.2d at 321, such weapons are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force. These attributes led Congress to require registration of these weapons. *Huffhines*, 967 F.2d at 321.

**II**

We hold that the conduct charged in both counts of Hayes' indictment presents a "serious potential risk of physical injury to anoth-

716

er." The district court did not err in finding that his convictions were crimes of violence for career offender purposes.

**AFFIRMED.**