996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis J. SITTMAN, Defendant-Appellant.
 No. 92-10662.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis J. Sittman appeals his conviction and 210-month sentence, following a jury trial, for being a felon in possession of a firearm and receiving and possessing an unregistered firearm in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. §§ 5841, 5861(d). Sittman contends that the district court erred by (1) finding that, as a matter of law, he was not entitled to the defense of necessity and (2) enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo both the district court's decision to exclude the necessity defense, United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1991), cert. denied, 112 S.Ct. 2980 (1992), and its interpretation and application of the ACCA. United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992).
 
 
 4
 * Necessity Defense
 
 
 5
 Sittman contends that the district court erred by excluding the defense of necessity because his offer of proof was sufficient to support the defense. This contention lacks merit.
 
 
 6
 "A district court may preclude a necessity defense where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.' " Schoon, 971 F.2d at 195 ( quoting United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985)). In order to assert the necessity defense the defendant must show, among other things, that he was under an imminent threat of harm and there was no reasonable, legal alternative to his conduct. Id.; United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987).
 
 
 7
 Here, Sittman sought to raise a necessity defense to charges of possessing a firearm on June 26, 1990. At a hearing to determine the admissibility of the defense, Sittman proffered that: he owed Charles Stevens money; he was unable to repay the money; Stevens threatened him with physical harm if he did not repay the money; and on January 9, 1990, he was assaulted by four or five individuals associated with Stevens. The district court ruled that Sittman failed to plead facts sufficient to raise the defense because he did not show that he was under an imminent threat of harm or that he had no reasonable, legal alternative to possessing a firearm. We agree.
 
 
 8
 Sittman did not show that he was under an imminent threat of harm because his offer of proof alleged only that an assault had occurred approximately six months before the possession in question. See United States v. Sahakian, 965 F.2d 740, 741 (9th Cir.1992) (district court properly excluded justification defense where defendant alleged that he was assaulted 36 days before the possession in question). Furthermore, Sittman did not show that he tried any reasonable, legal alternatives, such as notifying the police of the alleged threat and assault. See Lemon, 824 F.2d at 765; see also United States v. Aguilar, 883 F.2d 662, 693-94 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991). Accordingly, the district court did not err by excluding the defense of necessity. See Sahakian, 965 F.2d at 741.
 
 II
 ACCA
 
 9
 Sittman also contends that the district court erred by enhancing his sentence under the ACCA because three of his prior convictions arose out of a single criminal episode and were committed fifteen years before the instant offenses. These contentions lack merit.
 
 
 10
 Under the ACCA, "a federal court is obliged to impose a sentence of fifteen years to life for illegal possession of a firearm by anyone who has three prior convictions for violent felonies...." Antonie, 953 F.2d at 497. Criminal acts occurring within brief periods of time are separate predicate offenses under the ACCA. Id. at 498-99 (two armed robberies committed on same evening approximately forty minutes apart were separate predicate offenses under ACCA). We recently held that the ACCA does not impose a fifteen-year limit on a district court's consideration of predicate crimes, United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.1992), cert. denied, 113 S.Ct. 1427 (1993).
 
 
 11
 Here, Sittman had three 1975 convictions for burglary and one 1980 conviction for burglary. On December 27, 1975, Sittman and his associates broke into a high school and a co-op building in one county and a business in a different county in Wisconsin. The district court found that the 1975 convictions were separate predicate crimes under the Act. We agree.
 
 
 12
 Sittman's 1975 convictions were separate predicate crimes under the ACCA because they were committed at different times and different locations. See Antonie, at 498-99. The convictions were not too remote in time to be counted as predicate crimes under the ACCA. See Alvarez, 972 F.2d at 1006. Accordingly, the district court did not err by enhancing Sittman's sentence under the ACCA.[1] See Antonie, 953 F.2d at 499.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Sittman argues that his 1975 burglary convictions result in only one prior sentence for calculating criminal history points under the Guidelines, and therefore do not constitute separate convictions under the ACCA, we reject the argument. See United States v. Maxey, 989 F.2d 303, 307 (9th Cir.1993) (rejecting identical argument)