24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald K. CLARK, Defendant-Appellant.
 No. 93-10254.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 29, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In his second appeal Ronald Clark challenges both his conviction and his sentence. Because his conviction was affirmed in an unpublished disposition on February 1, 1993, his attempt to reargue alleged errors in his trial are frivolous and will be disregarded.
 
 
 3
 We remanded the case for resentencing because of a change in the sentencing guidelines with reference to the effect of possession of a firearm by a felon. See United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992). The original sentence was to serve 360 months in custody followed by five years of supervised release. On remand he was sentenced to 235 months in custody and five years of supervised release. We find no error in the sentence and affirm.
 
 
 4
 A mandatory sentence of fifteen years was required in this case because of Clark's three prior convictions of violent felonies. 18 U.S.C. Sec. 924(e)(1). The original sentence of 360 months was based on the sentencing court's belief that the crime of which Clark was convicted (being a felon in possession of a firearm) was also a crime of violence. That belief was founded on case law construing an earlier version of the guidelines which had been superseded as explained in the Sahakian case, supra.
 
 
 5
 Being reasonably convinced that Clark's propensity for recidivism presented a serious danger to society, the sentencing court exercised its discretion in imposing a two-level upward departure pursuant to U.S.S.G. Sec. 5K2.2. The court reasonably concluded that while "being a felon in possession of a firearm" may not be a "crime of violence" in and of itself for sentencing purposes, being a felon in possession of a firearm and using the firearm to shoot a victim constituted relevant conduct provided for in the guidelines to justify an upward departure. This upward departure resulted in a guideline sentence of approximately two-thirds the length of the original sentence. Clark nonetheless appeals on the theory that because the court had not awarded him the two level upward departure on the original 30 year sentence to make it a life sentence, the court was somehow estopped by jeopardy principles from awarding the upward departure to increase a mandatory minimum of 15 years to a sentence in the neighborhood of 20 years. This is nonsense. The court followed the procedure set out in the guidelines. The sentence was well within the statutory maximum, and was fully consistent with the guidelines. The failure to utilize an upward departure in the original sentence in no way estopped the court from employing the upward departure at resentencing, so long as the departure was consistent with the guidelines and with the relevant conduct with which the trial court was familiar, having tried the case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3