FARRIS, Circuit Judge:
 

 Fredrick Garcia-Cruz appeals his jury conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (1988), and his sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1988). Cruz argues that his conviction should be reversed because the district court erred in: (1) refusing his proffered jury instruction on constructive possession; (2) failing to hold a
 
 Franks
 
 hearing and failing to suppress evidence seized during a search of Cruz’s residence; (3) admitting statements made by Cruz allegedly after his invocation of the right to remain silent; (4) denying Cruz’s acquittal motion. Cruz also argues that sentence enhancement under the Armed Career Criminal Act was improper because his pri- or conviction as a felon in possession was not a “violent felony” under the Act. We affirm Cruz’s conviction but vacate his sentence and remand for resentencing.
 

 FACTS AND PROCEEDINGS
 

 San Diego Police, along with a California State Parole officer, searched Cruz’s residence on December 23, 1988. The search was conducted pursuant to both a state search warrant and the search and seizure conditions of Cruz’s state parole. Cruz was arrested after the officers discovered a Ruger .357 magnum revolver in a kitchen cupboard.
 

 During a subsequent custodial interview, initiated at Cruz’s specific request, Cruz made self-incriminating statements concerning his possession of the revolver. The statements were made after Cruz had been informed of his
 
 Miranda
 
 rights, and after he voluntarily agreed to their waiver.
 

 On September 26, 1990, the Grand Jury for the Southern District of California returned a one-count indictment against Cruz, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment also informed Cruz of the government’s intention to seek sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Cruz had been convicted twice previously of assault with a deadly weapon and once of being a felon in possession of a concealable firearm.
 

 Cruz was convicted of the charged offense on June 12, 1991, and was sentenced on October 21,1991, to a prison term of 200 months. In calculating the sentence, the district court applied the Armed Career Criminal Act, finding that felon in possession was a predicate “violent felony” within the meaning of the Act.
 

 
 *540
 
 DISCUSSION
 

 1.
 
 Jury Instructions
 

 Cruz argues that the district court erred by failing to give his proffered instruction on constructive possession. Where the question to be resolved is whether other instructions adequately covered the defense theory of the case, our review is de novo.
 
 See United States v. Gomez-Osorio,
 
 957 F.2d 636, 642 (9th Cir. 1992). The same standard applies to whether the proposed instruction is supported by.law.
 
 See id.
 
 Our review is for an abuse of discretion where the question is whether the factual foundation for a proposed instruction exists.
 
 Id.
 

 “A proposed instruction regarding the [defendant’s] theory of the case should be given if there is foundation for it in the evidence and it is supported by the law.”
 
 United States v. Tabacca,
 
 924 F.2d 906, 912 (9th Cir.1991) (citing
 
 United States v. Escobar de Bright,
 
 742 F.2d 1196, 1198 (9th Cir.1984)).
 

 Cruz’s proposed instruction read as follows:
 

 Mere presence at the location to which the firearm is delivered, and status as the intended recipient of the firearm, without more, are not sufficient to demonstrate knowing possession unless it is proved, beyond a reasonable doubt, that the defendant actually asserted dominion and control over the firearm.
 

 Constructive possession can be proved even where a defendant never actively “asserts” dominion and control over the contraband.
 
 See United States v. Terry,
 
 911 F.2d 272, 279 (9th Cir.1990).
 
 Terry
 
 established a relatively passive standard-, namely, whether the defendant “exercised” dominion over the contraband or the premises in which it was concealed.
 
 See id.
 
 at 278 n. 5. In
 
 Terry,
 
 we explicitly stated that possession could be based merely on “knowledge of the gun’s location and [the defendant’s] unhindered access to it____” 911 F.2d at 278. Cruz’s proposed instruction implied a requirement that the defendant take some affirmative action, perhaps even amounting to a physical touching of the weapon, to establish constructive possession. There is no such requirement.
 

 Cruz’s proffered instruction was not supported by law. Further, the instructions given, which included an instruction indicating that mere presence or proximity to a firearm is insufficient, without more, to support a finding of possession, fairly and adequately covered the issues presented. Nothing more was required.
 
 See United States v. Powell,
 
 955 F.2d 1206, 1210 (9th Cir.1992).
 

 2.
 
 Franks Hearing and Motion to Suppress Evidence
 

 a.
 
 Franks
 
 Hearing.
 

 Cruz contends that the affidavit underlying the search warrant contained material falsities or omissions, and that the district court therefore erred in failing to conduct a hearing to determine the affiant’s veracity. We reject the argument.
 

 Where a defendant makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant, and (2) material to the finding of probable cause for the issuance of that warrant, a district court must hold a hearing to investigate the affiant’s veracity.
 
 United States v. Motz,
 
 936 F.2d 1021, 1023 (9th Cir.1991) (applying
 
 Franks v. Delaware,
 
 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). A hearing is also available where essential facts intentionally have been
 
 omitted. United States v. Whitworth,
 
 856 F.2d 1268, 1280 (9th Cir.1988),
 
 cert. denied,
 
 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989).
 

 Cruz failed to make a substantial showing that any material facts were deliberately or recklessly excluded from the affidavit. He argues that the affiant, Detective Grant Raybould, failed to include facts tending to undermine the credibility of the informant. Such a failure, even if negligent, does not, without more, satisfy the state of mind requirement of
 
 Franks.
 
 This is especially so when, as here, the primary “omission” readily can be gleaned from the affidavit. Cruz alleged that Raybould
 
 *541
 
 failed to reveal the informant’s motivation to dissemble. The record refutes the argument. In considering the application to search Cruz’s home, the Magistrate Judge could not have failed to recognize that the affidavit was based in part on information supplied by the driver of the van used in the drive-by shooting for which Cruz was a suspect, a person whose own situation was precarious at best.
 

 The omissions that Cruz mentions are neither reckless nor intentional.
 
 See United States v. Davis,
 
 714 F.2d 896 (9th Cir. 1983) (affiant signed statement in the first person knowing it would mislead the magistrate into believing affiant had firsthand knowledge of the facts therein contained);
 
 United States v. Stanert,
 
 762 F.2d 775, 781 (9th Cir.),
 
 amended,
 
 769 F.2d 1410 (9th Cir.1985) (affiant stated that he had investigated a lab blowup at the suspect’s house the year before, but recklessly failed to mention the suspect purchased and moved into the residence after the explosion).
 

 The alleged omissions are also immaterial. The pivotal question is whether an affidavit containing the omitted material would have provided a basis for a finding of probable cause.
 
 See United States v. Ippolito,
 
 774 F.2d 1482, 1486 n. 1 (9th Cir.1985);
 
 United States v. Martin,
 
 615 F.2d 318, 328 (5th Cir.1980). Even if the allegedly omitted facts had been inserted, probable cause would have remained.
 

 Cruz further complains that Detective Raybould omitted facts tending to demonstrate that an insufficient nexus existed between the contraband sought and the premises searched. The affidavit contains no direct evidence that contraband would be found in Cruz’s residence, but this is not controlling.
 
 See United States v. Poland,
 
 659 F.2d 884, 897 (9th Cir.),
 
 cert. denied,
 
 454 U.S. 1059,102 S.Ct. 611, 70 L.Ed.2d 598 (1981). We indulge normal inferences about where criminals would be likely to hide property, taking into account the type of crime, the nature of the contraband, and the opportunity for concealment.
 
 Id,
 
 “The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.”
 
 United States v. Ocampo,
 
 937 F.2d 485, 490 (9th Cir.1991) (quoting
 
 United States v. Fannin,
 
 817 F.2d 1379, 1382 (9th Cir. 1987)). The district court did not err in failing to hold a
 
 Franks
 
 hearing.
 

 b. Parole Search.
 

 Cruz assigns error to the district court’s holding that the search was a valid parole search. A parole search is proper if conducted in a manner consistent with state law.
 
 See United States v. Wryn,
 
 952 F.2d 1122, 1124 (9th Cir.1991);
 
 Latta v. Fitzharris,
 
 521 F.2d 246, 252 (9th Cir.) (en banc),
 
 cert. denied,
 
 423 U.S. 897, 96 S,Ct. 200, 46 L.Ed.2d 130 (1975). Under California law, a parole agent may search the residence of a parolee if he has a reasonable suspicion that the “parolee is again involved in criminal activity, ... and that the search may turn up evidence of that activity____”
 
 People v. Burgener,
 
 41 Cal.3d 505, 224 Cal.Rptr. 112, 132, 714 P.2d 1251, 1271 (1986). The suspicion must “be based on articulable fact's which together with rational inferences from those facts warrant objectively reasonable suspicion.”
 
 Id.
 

 Prior to requesting the search, Cruz’s parole officer was informed by San Diego police that Cruz • had been identified through fingerprints and an informant as being involved in á homicide. This, coupled with the parole, officer’s understanding that Cruz had just been released from prison on a parole violation involving a shooting victim . related to the victim of this shooting, gave the officer the requisite reasonable suspicion.
 

 3.
 
 Suppression of Statements
 

 Cruz argues that the district court erroneously admitted statements made by him after he had invoked his right to remain silent. The exercise of the right to remain silent does not necessarily preclude all further questioning.
 
 Michigan v. Mosley,
 
 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). The question is whether the defendant’s right to terminate interrogation is “scrupulously honored.”
 
 Id.
 
 at 104, 96 S.Ct. at 326. A suspect may waive
 
 *542
 
 his right to remain silent selectively, waiving it with regard to some, but fewer than all, topics of discussion.
 
 United States v. Lopez-Diaz,
 
 630 F.2d 661, 664 n. 2 (9th Cir.1980) (citing
 
 United States v. Lorenzo,
 
 570 F.2d 294, 297-98 (9th Cir.1978)). A suspect also may revoke selectively a previously effected comprehensive waiver.
 
 See Lorenzo,
 
 570 F.2d at 297-98.
 

 Cruz argues that he invoked his right to remain silent when he responded to police questioning as follows:
 

 No. Well I know because like I said since, I’m not gonna get all off into that, but like I told you, I do dictate the gang. And, and, and, and I’m not, that’s all I can say.
 

 Cruz had requested the interview with the police in order to negotiate an exchange: his freedom for information he had concerning the shooting.
 

 The statement reasonably could be construed as a selective revocation of Cruz’s prior waiver of the right to remain silent. None of the officers pursued the issue of Cruz’s standing in the gang. The statements Cruz attempted to suppress were the result of an entirely different line of questioning. Nothing Cruz said or did prior to the time he made his incriminating remarks manifests even an equivocal intention to revoke completely' his prior waiver. Further, Cruz demonstrated his awareness of and ability to assert his
 
 Miranda
 
 rights when he subsequently terminated the interview. The immediate cessation of the interview upon Cruz’s assertion of his right to remain silent indicates that the interrogators were sensitive to a proper invocation of that right.
 

 4.
 
 Motion for Judgment of Acquittal
 

 Cruz contends that the evidence admitted at trial was insufficient to prove his possession of the firearm found in the home he jointly occupied with his aunt. The question is whether
 
 “any
 
 rational trier of fact could have found the essential elements of. the crime beyond a reasonable doubt.”
 
 United States v. Shirley,
 
 884 F.2d 1130, 1134 (9th Cir.1989) (quoting
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).
 

 In
 
 United States v. Terry,
 
 911 F.2d 272, 278 (9th Cir.1990), we held that knowledge of the location of a weapon, coupled with both the power and the intention to exercise dominion and control over it, suffices to show constructive possession. In
 
 Terry,
 
 this standard was met by evidence demonstrating that the defendant knew the location of the weapon and had unhindered access to it when the other joint occupant was absent.
 
 See id.
 

 During the course of a police interview conducted at his behest, Cruz made the following statement:
 

 The only thing I did in the [sic] essence was have, uh, the gun dropped off to me to pick up. To, to, uh, put up or whatever, you know. That’s it. That was the gun that you got, you know.
 

 This admission alone, viewed in a light most favorable to the government, is sufficient evidence of constructive possession.
 

 5.
 
 Sentencing: Armed Career Criminal . Act
 

 Cruz contends that the district court erred by considering his previous conviction for being a felon in possession of a concealable firearm a predicate “violent felony” within the meaning of- the Armed Career Criminal Act, 18 U.S.C. § 924(e). We agree.
 

 In
 
 United States v. Sahakian,
 
 965 F.2d 740, 741 (9th Cir.1992), we held that being a felon in possession of a firearm is not a “crime of violence” for purposes of applying U.S.S.G. § 4B1.2, the Career Offender guideline. Section 4B1.2 defines “crime of violence” in almost precisely the same manner that the Armed Career Criminal Act defines “violent felony.”
 
 [1]
 

 
 *543
 
 In
 
 Taylor v. United States,
 
 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990), the Supreme Court mandated a “formal categorical approach,” according to which a sentencing court may look only to the fact of conviction and the statutory definition of the prior offense in determining whether it involves a crime of violence. The same approach logically applies here.
 

 In
 
 Sahakian,
 
 we reasoned that felon in possession is not a crime of violence because it “does not have as an element the actual, attempted or threatened use of violence nor does the actual conduct it charges involve a serious potential risk of physical injury to another.”
 
 [2]
 
 965 F.2d at 742. This reasoning is not changed by the fact that we are now applying the Armed Career Criminal Act as opposed to the Career Offender guideline. Nor is it changed by the fact that we are analyzing California’s felon in possession statute rather than the analogous federal provision.
 

 Our holding in
 
 United States v. O’Neal,
 
 937 F.2d 1369 (9th Cir.1990), is not to the contrary.
 
 O’Neal
 
 involved the interpretation of an earlier version of U.S.S.G. § 4B1.2, a version which, in contrast to the present version, emphasized the “nature of the crime charged.”
 
 See Sahakian,
 
 965 F.2d at 742;
 
 see also, United States v. Huffhines,
 
 967 F.2d 314, 315 (9th Cir.1992) (applying
 
 Sahakian).
 

 The only other circuit to face this issue determined that felon in possession is not a “violent felony” for purposes of § 924(e).
 
 See United States v. Doe,
 
 960 F.2d 221 (1st Cir.1992).
 
 [3]
 

 We hold that Cruz’s prior conviction as a felon in possession is not an adequate predicate felony under the Armed Career Criminal Act; consequently, we need not address Cruz’s contention that the court improperly departed upward from the sentence required by the Act.
 

 The conviction is AFFIRMED; the sentence is VACATED, and the case is REMANDED for resentencing.
 

 [1]
 

 . The Armed Career Criminal Act provides:
 

 The term "violent felony” means any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another
 
 *543
 
 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The only difference between this definition and that found in U.S.S.G. § 4B1.2 is that the latter specifies “burglary of a dwelling” in place of the former’s more general “burglary.”
 

 [2]
 

 . The state statute under which Cruz was convicted provides:
 

 Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his or her custody or control any pistol, revolver or other firearm capable of being concealed upon the person is guilty of a felony.
 

 Cal. Penal Code § 12021(a).
 

 [3]
 

 . The issue faced in
 
 Doe
 
 was not precisely the same as we address here.
 
 Doe
 
 dealt with a prior conviction under 18 U.S.C. § 922(g); Cruz’s prior conviction, in contrast, was under the California Penal Code provision set forth in note 2
 
 supra.