29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Richard HOLMES Defendant-Appellant
 No. 93-50392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided June 22, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Richard Holmes ("Holmes") appeals his jury conviction and sentence under the Sentencing Guidelines for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g).
 
 I.
 Facts
 
 3
 Acting on an informant's tip that Holmes was in possession of a firearm, Detective Huggins ("Huggins") of the El Cajon Police Department contacted Holmes' parole officer, John Moore ("Moore"). Holmes was, at the time, a convicted felon and was prohibited from possessing firearms. Moore testified that, following Holmes' release from prison, he had conducted a parole search of Holmes' residence. Holmes' parole conditions contained a provision permitting agents of the Department of Corrections, or law enforcement officials if so requested by the Department of Corrections, to search his residence, property, vehicle, and person at any time.
 
 
 4
 Moore testified that upon being informed of the informant's allegations he reviewed and discussed with his supervisor Holmes' case history. Moore requested Huggins' assistance in locating Holmes, and he authorized a search of the vehicles to which Holmes had access, Holmes' property, and his person. Moore provided El Cajon police with Holmes' address and descriptions of the vehicles to which Holmes had access, including a green Chevrolet El Camino.
 
 
 5
 Detective Huggins began surveillance of Holmes' residence. Observing two people leave the residence in the El Camino, police officers stopped the vehicle and arrested the driver. They searched the vehicle and found under the driver's seat a hypodermic syringe and a metal spoon containing a white powder residue, as well as a loaded .22 caliber rifle and a sawed-off twelve-gauge Savage shotgun wrapped in the zip-off sleeve of a coat inside an unlocked tool box in the flat bed of the vehicle. The police then arrested Holmes.
 
 
 6
 Detective Huggins notified Moore of Holmes' arrest and the seizure of drug paraphernalia and firearms. Moore requested the assistance of El Cajon police officers in conducting a parole search of Holmes' residence. From Holmes' bedroom, police officers seized two pieces of wood believed to be portions of the fore grip and butt stock to a firearm. These two items appeared to be those portions of the stock and fore grip sawed off from the twelve-gauge shotgun officers had found earlier in the El Camino.
 
 
 7
 After his arrest, Holmes told Huggins that he had carved the hand grip and forearm to the shotgun and that he knew the parts were to a shotgun, but he denied re-placing them on the shotgun. He claimed that he had disposed of these parts in the garage and that he did not know who had taken the grips, put them back on the shotgun, and placed the shotgun in the El Camino.
 
 II.
 Parole Search Claim
 
 8
 Holmes challenges the lawfulness of the alleged parole searches of the El Camino, his person, and his residence. The lawfulness of a search and seizure is a mixed question of law and fact which we review de novo. United States v. Mittelman, 999 F.2d 440, 442 (9th Cir.1993). We review for clear error the district court's factual findings underlying its decision on a motion to suppress. Id. at 442-43. A district court's finding that a parole officer was not acting as a stalking horse for law enforcement is a question of fact which we review for clear error. United States v. Jarrad, 754 F.2d 1451, 1454 (9th Cir.) cert. denied, 474 U.S. 830 (1985).
 
 
 9
 A warrantless parole search is permissible if the parole officer reasonably believes it is necessary to the performance of his or her duties. Under California law, parole agents may conduct parole searches if they have a reasonable suspicion that the "parolee is again involved in criminal activity ... and that the search may turn up evidence of that activity...." United States v. Garcia-Cruz, 978 F.2d 537, 541 (9th Cir.1992), cert. denied, 113 S.Ct. 2453 (1993) (citing People v. Burgener, 41 Cal.3d 505 (1986)).
 
 
 10
 Holmes' argument that Parole Officer Moore was acting as a stalking horse for the El Cajon Police Department is without merit. See Latta v. Fitzharris, 521 F.2d 246, 247 (9th Cir.) cert. denied, 423 U.S. 897 (1975) (parole officer is not a stalking horse if he, rather than the police, initiated the search in the performance of his duties as a parole officer); Jarrad, 754 F.2d at 1454 (the fact that the police investigation precedes the involvement of parole officials does not in itself indicate that police officers initiated the search). On the basis of information provided by at least four different informants to the police and Moore's knowledge of Holmes' prior criminal history, Moore had the reasonable suspicion necessary to authorize or conduct a parole search of Holmes' person, his residence, or the El Camino. U.S. v. Feeney, 984 F.2d 1053, 1056 (9th Cir.1993) (probable cause based, in part, on "interlocking" information supplied by more than one informant); Garcia-Cruz, 978 F.2d at 541 (parole officer's knowledge of police information and informant's tip connecting defendant to crime and awareness of defendant's prior criminal history involving a victim related to the victim of the crime at issue provided adequate reasonable suspicion to justify a parole search). The district court did not err in concluding that Moore had reasonable suspicion to conduct a parole search and that he therefore was not acting as a stalking horse for law enforcement.
 
 
 11
 Appellant's argument that the parole search of the El Camino was invalid because Moore was not present is also without merit. United States v. Richardson, 849 F.2d 439, 442 (9th Cir.), cert. denied, 488 U.S. 866 (1988) (parole searches do not require the presence or immediate supervision of parole officers as long as there is not a complete delegation of authority). Here, Moore authorized the police to search Holmes' person and the El Camino, but he did not go so far as to authorize the police to search Holmes' residence in his absence.
 
 III.
 Sufficiency of the Evidence Claim
 
 12
 We reject Holmes' challenge to his conviction for possession of a firearm by a convicted felon on the grounds that the evidence presented at trial was not sufficient to prove beyond a reasonable doubt that he knowingly possessed a firearm. It was proper for the jury to rely on the testimony of Madeline Darby and Don Brown as well as on other evidence to conclude that Holmes had knowledge of the weapon and both the power and intention to exercise dominion and control over it. Therefore, Holmes had constructive possession of the firearm. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (to prove constructive possession, the government must show that the defendant had knowledge of the weapon and both the power and intention to exercise dominion and control over it).
 
 
 13
 The fact that the jury did not find either Madeline Darby's or Don Brown's testimony sufficiently compelling to convict Holmes on another count is of no consequence. United States v. Powell, 469 U.S. 57, 66 (1984) (rejecting a proposed rule which would allow criminal defendants to challenge inconsistent verdicts on the ground that in their particular case the jury's verdict of acquittal was not in fact the product of lenity).
 
 IV.
 Inadmissible Evidence at Trial Claim
 
 14
 Holmes argues that the government's questioning of an agent from the Department of Alcohol, Tobacco, and Firearms regarding the presence of several witnesses whom the defense had allegedly subpoenaed but not called to testify was improper because it relied on facts not in evidence. Holmes opened the door to this line of questioning and it was therefore not improper. Territory of Guam v. Quichocho, 973 F.2d 723, 727 (9th Cir.1992) cert. denied, 113 S.Ct. 1014 (1993) (prosecution's comments do not warrant reversing a conviction if the defense counsel's opening salvo invites the prosecution's remarks and they do no more than respond substantially to defense counsel's remarks).
 
 V.
 Improper Rebuttal Argument Claim
 
 15
 Neither the government's use of "we" nor its statements that "it is your laws, it is your streets, it is your courthouse" to the jury in its rebuttal argument warrants reversal of Holmes' conviction. The prosecution used the term "we" to refer to the government, law enforcement, and prosecution efforts to develop evidence in Holmes' case. The prosecution's argument was not intended to inflame the jury. Moreover, any error that might have derived from the government's rebuttal was harmless, because the court's admonishments and instructions to the jury checked and neutralized the prosecution's statements. United States v. Alvarado, 838 F.2d 311, 317 (9th Cir.1987), cert. denied, 487 U.S. 1222 (1988) (government counsel's misstatements were improper but not prejudicial where the trial judge acted quickly, emphatically, and appropriately to neutralize whatever prejudicial effect the misstatements may have caused by issuing a curative instruction); United States v. Rojas, 731 F.2d 707, 710 (11th Cir.1984) (prejudice arising from improvident appeal to community interests in closing argument, i.e., "you are the conscience of the community," cured by jury instruction).
 
 VI.
 Enhancement Claim
 
 16
 Finally, the district court did not err in concluding that Holmes' 1978 California conviction for second-degree burglary constituted a crime of violence for the purpose of enhancement under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). We review de novo the district court's interpretation and application of the Armed Career Criminal Act. United States v. O'Neal, 937 F.2d 1369, 1371 (9th Cir.1991). In interpreting Taylor v. United States, 495 U.S. 575 (1990), we have stated that "the sentencing court may refer to the charging paper and judgment of conviction, or to the charging paper and signed plea, when the conviction in question was by guilty plea." United States v. Parker, 5 F.3d 1322, 1326-27 (9th Cir.1993). The district court here properly considered the charging paper and the pronouncement of judgment in sentencing Holmes under the Armed Career Criminal Act. O'Neal, 937 F.2d at 1373 (sentencing court may go beyond the statute of conviction and consider the charging documents, plea forms, and transcripts of proceedings where conviction is by guilty plea).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3