47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Joseph BRADLEY, Defendant-Appellant.
 No. 94-10419.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Joseph Bradley appeals his conviction by conditional guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Bradley contends the district court erred when it ruled that reasonable suspicion existed for a parole search of his residence even though the parole agent relied on information from a person with a history of mental illness. A district court's ruling on a motion to suppress is reviewed de novo; its findings of fact are reviewed for clear error. United States v. Huffhines, 967 F.2d 314, 316 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 A parole search is reasonable if conducted in a manner consistent with state law. United States v. Garcia-Cruz, 978 F.2d 537, 541 (9th Cir.1992), cert. denied, 113 S.Ct. 2453 (1993). California law permits a parole agent to search a parolee's home when reasonable suspicion exists "that the parolee is again involved in criminal activity, or has otherwise violated his parole, and that the search may turn up evidence of that activity, or that evidence of a proposed future violation by the parolee will be uncovered." People v. Burgener, 714 P.2d 1251, 1271 (Cal.1986). The parole agent's reasonable suspicion must be based on "articulable facts which together with rational inferences from those facts warrant objectively reasonable suspicion." Id.
 
 
 4
 After a hearing on the motion to suppress, the district court found that Parole Officer Hollins relied on information from James Glass, a parolee assigned to his caseload. Glass informed Hollis that Bradley lived at the same residence where Glass lived, that Bradley had a shotgun in his room and that Bradley asked Glass where he could obtain shells for the shotgun. At the time Glass gave Hollis this information, Hollis had only two or three previous contacts with Glass. Hollis, however, knew that Glass had a history of mental illness; that Glass perceived that others were against him; and that Glass had falsely accused roommates of theft in the past. At the time of their contacts, Glass did not appear delusional nor had he seemed to be lying. Hollis believed that Glass was telling the truth about Bradley and was sincerely concerned for his own safety. After speaking to Glass, Hollis confirmed that Bradley lived at the same address as Glass; that Bradley had previously been convicted of felonies some of which were violent; and that Bradley was then on parole. Hollins then contacted Bradley's parole officer and a search team conducted a search of Bradley's residence. Bradley does not dispute these facts.
 
 
 5
 Instead, Bradley argues that it was unreasonable to rely on Glass's information because Glass had a history of mental illness. We reject Bradley's argument that Glass's history of mental illness rendered any information he gave Hollis inherently unreliable. It was not unreasonable for Hollis to observe Glass and conclude that Glass was telling the truth, i.e., that Bradley had a shotgun and that Glass feared for his own safety. The information provided by Glass, in combination with Bradley's parole status and history of prior felonies, created reasonable suspicion to believe that Bradley possessed a firearm in violation of the terms of his parole. Consequently, the district court did not err when it denied the motion to suppress. See Garcia-Cruz, 978 F.2d at 541; Burgener, 714 P.2d at 1271.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3