91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Betina KYLE, Defendant-Appellant.
 No. 95-50232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided July 24, 1996.
 
 Before: GIBSON,* NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * BACKGROUND
 
 
 3
 Defendant Betina Kyle was employed as an IRS Revenue Officer. Kyle's connections to known drug traffickers Billy Frank Richard, Sr. (Billy Senior) and Billy Frank Richard, Jr. (Billy Junior) triggered her investigation for money laundering. IRS Inspector John Mason conducted the investigation. Based on Mason's affidavit, the magistrate judge issued warrants authorizing searches of Kyle's office and residence.
 
 
 4
 Kyle filed a motion to suppress all the evidence seized from the search of her residence. Kyle argued suppression was warranted because the search warrant affidavit did not establish sufficient probable cause to believe that evidence of a crime would be found at her residence, contained stale information, and failed to particularly describe the items to be seized. In addition, Kyle argued that the "good faith" exception to the exclusionary rule did not apply. Kyle requested a Franks hearing based on alleged misstatements and omissions in the affidavit. The district court denied Kyle's motion and her request for a Franks hearing.
 
 
 5
 A jury convicted Kyle on one count of making false statements within the jurisdiction of a United States department, 18 U.S.C. § 1001, and on four counts of making fraudulent statements while a revenue officer, 26 U.S.C. § 7214(a)(7).
 
 
 6
 In this appeal, Kyle challenges the district court's denial of her motion to suppress evidence seized from the search of her residence, and the denial of her request for a Franks hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 II
 DISCUSSION
 A. Franks Hearing
 
 7
 Kyle contends three statements or omissions in the affidavit in support of the search warrant were intentionally or recklessly false and require remand to the district court for a Franks hearing. With regard to the affidavit's statement concerning review of Kyle's financial records, the government agrees with Kyle that the case should be remanded for a Franks hearing.
 
 
 8
 An evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), allows a defendant to test the veracity of an affidavit supporting a warrant. United States v. Meling, 47 F.3d 1546, 1553 (9th Cir.), cert. denied, 116 S.Ct. 130 (1995). There is, however, "a presumption of validity with respect to the affidavit supporting the search warrant." Franks, 438 U.S. at 171. In order to overcome this presumption and be entitled to a Franks hearing, a defendant must make a substantial preliminary showing that a false statement or omission was (1) deliberately or recklessly included in an affidavit in support of the warrant; and (2) material to the finding of probable cause for issuance of the warrant. United States v. Garcia-Cruz, 978 F.2d 537, 540 (9th Cir.1992), cert. denied, 508 U.S. 955 (1993).
 
 
 9
 We review de novo a district court's refusal to conduct a Franks hearing. Meling, 47 F.3d at 1553. We will remand for a Franks hearing only if the affidavit, purged of the offending statements or omissions, would not support a finding of probable cause. Franks, 438 U.S. at 171-72; Meling, 47 F.3d at 1553.
 
 1. Computer Access Omission
 
 10
 The affidavit recounts that on certain dates Kyle accessed the accounts of McFadden, Billy Senior, and Billy Junior. In her declaration to the district court, Kyle claimed she was authorized to access "tax information on taxpayers," and that she had been specifically assigned to McFadden's case. Kyle contends Mason recklessly omitted from his affidavit the fact that she was authorized to access McFadden's computer file. We disagree.
 
 
 11
 Kyle made no showing that Mason was aware Kyle had authority to access McFadden's file. The affidavit did not state that Kyle lacked authority to access the files. Nor is there any implication that Mason attempted to "manipulate the inferences a magistrate will draw" by reporting less than the entire story. See United States v. Stanert, 762 F.2d 779, 781 (9th Cir.1985), amended, 769 F.2d 1410 (9th Cir.1985). Rather, the affidavit forthrightly recounted only what was known to Mason. Consequently, Kyle failed to make the substantial preliminary showing that the alleged omission was intentional or reckless.
 
 2. Cash Bond Statement
 
 12
 Kyle also challenges the statement in the affidavit that Billy Senior was arrested and then released "after posting a $100,000 cash bond." Kyle contends this statement is false because Billy Senior was released on a $150,000 appearance bond secured by property, not a $100,000 cash bond.
 
 
 13
 Even if this information in the affidavit is false, there is no showing Mason knew it was false. The affidavit makes clear that the information about the bond was told to Mason by a DEA agent. Kyle's challenge fails because it does not attack the veracity of the affiant (Mason) as required by Franks; it attacks the veracity of the DEA informant. See Franks, 438 U.S. at 171; United States v. Perdomo, 800 F.2d 916, 921 (9th Cir.1986).
 
 3. Statement Regarding Financial Records
 
 14
 Kyle challenges as false Mason's statement in the affidavit that after he reviewed Kyle's financial records he found no legitimate source for the periodic cash deposits to her checking accounts. This portion of the affidavit states:
 
 
 15
 I reviewed Kyle's financial records to determine if there were corresponding cash withdrawals or other explanations for the periodic cash deposits into the two above described accounts. I have reviewed Kyle's financial records generated during the time period January, 1989 through October, 1990, including loan applications for her auto and home loans documents pertaining to at least six of her bank accounts and Kyle's 1989, 1990, and 1991 Forms 1040, U.S. Individual Tax Returns. These records do not reveal any identifiable legitimate source for the periodic cash deposits.
 
 
 16
 In her declaration submitted to the district court, Kyle stated she made periodic cash withdrawals from her credit union account and obtained cash by drawing on her credit cards, and that this cash was then deposited into her checking accounts. She contends her credit union account and her credit cards were legitimate sources for the cash deposits.
 
 
 17
 Upon its review of the trial record, the government brings to our attention Mason's declaration in response to Kyle's codefendant's motion to suppress. This declaration states Mason had reviewed Kyle's credit union account in the course of reviewing Kyle's financial records. The government concludes Mason's declaration conflicts with his affidavit in support of the search, and necessitates remand for a Franks hearing on this issue.
 
 
 18
 We decline to address this purported conflict. Instead, we affirm the district court's denial of Kyle's request for a Franks hearing on the ground that the affidavit, purged of its alleged falsity, is still sufficient to support a finding of probable cause. See Franks, 438 U.S. at 171-72; Meling, 47 F.3d at 1553. "The effect of the misrepresentations and omissions on the existence of probable cause is considered cumulatively. We must determine, therefore, whether the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding that probable cause existed." Stanert, 762 F.2d at 782.
 
 
 19
 To purge the affidavit of the alleged falsity, it would be changed as follows. The last sentence of the passage of the affidavit quoted above would be deleted and replaced with the sentence: "These records show periodic withdrawals of cash from her credit union account and draws of cash against her credit cards, which could be legitimate sources for the periodic cash deposits to her checking accounts."
 
 
 20
 As purged, the affidavit provides the following information. Kyle bought a truck that was used by Billy Senior and Billy Junior, and kept at their residence. Both Billy Senior and Billy Junior are known drug traffickers. Kyle's claimed source of cash for the truck, a loan from "Joann Baker," is suspect. When the truck was seized Billy Senior claimed he owned the truck and that it was registered to "William Hardy," when in fact it was registered to Kyle. Kyle and Billy Senior shared a bank account and records reveal several financial transactions between the two of them, even though Kyle previously claimed to have ceased all social and financial relations with Billy Senior. Kyle, as an IRS Revenue Officer, is uniquely positioned to provide useful expertise to a money laundering operation.
 
 
 21
 The affidavit, as purged, remains sufficient to support a finding of probable cause. We affirm the district court's denial of Kyle's request for a Franks hearing.
 
 B. Stale Information
 
 22
 Kyle argues the information in the affidavit was too "stale" to support a finding of probable cause. Kyle contends the bank account analysis ended in October, 1991, but the warrant was not sought until December, 1992. Further, the affidavit alleges computer access in July, 1991, and January, 1992. According to Kyle, there was no basis to believe evidence of unauthorized computer access would be found in Kyle's home ten months later.
 
 
 23
 Kyle ignores the affidavit's documentation of facts from the time of the truck purchase through December, 1992. Kyle is correct that the financial analysis covered only documents through October, 1991, but the affidavit included other information that suggested the activity was ongoing and that the items to be seized were generally "the type of records typically found to be maintained over large periods of time." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990). The records of computer access, as documents relating to the financial records of drug traffickers, also fall within the affidavit's description of documents likely to be maintained over a long period of time. The information was not stale.
 
 C. Particularity
 
 24
 Kyle argues the warrant was defective because it was overbroad. We review de novo whether a warrant is sufficiently specific or particular in describing the items to be seized. United States v. Fannin, 817 F.2d 1379, 1381 (9th Cir.1987).
 
 
 25
 The Fourth Amendment "prohibits the issuance of general warrants that would lead to 'exploratory rummaging in a person's belongings.' " Hernandez-Escarsega, 886 F.2d at 1567 (citations omitted). However, a warrant "need only be reasonably specific in its description of the objects of the search and need not be elaborately detailed." Fannin, 817 F.2d at 1383 (citations omitted).
 
 
 26
 In Hernandez-Escarsega, we considered warrants authorizing the seizure of records "reflecting the possession and/or distribution of controlled substances ... the acquisition of property obtained with proceeds derived from narcotics trafficking; and records reflecting interstate and foreign travel in connection with narcotics trafficking." 886 F.2d at 1567. We held the warrants were not overbroad, because they "limited the discretion of the executing agents by condoning seizure only of those records reflecting" activities related to drug trafficking. Id. at 1568.
 
 
 27
 In the present case, the warrant listed particular items directly related to the commission of the crimes alleged. It did not condone seizure of items unrelated to money laundering or unauthorized computer access, and it was sufficiently detailed to prevent a "general" search. We therefore conclude the warrant was sufficiently particular. In view of this conclusion, we do not consider the question whether the good faith exception to the exclusionary rule applies.
 
 
 28
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3