**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**ABE SAMANA, Defendant.**

High Court of American Samoa
Trial Division

CR No 26-97

January 9, 1998

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, John W, Cassell, Assistant Attorney General
For Defendant, Loretta Townsend, Assistant Public Defender

ORDER DENYING MOTION FOR NEW TRIAL
AND MOTION FOR RECONSIDERATION OF
ORDER VACATING *IN CAMERA* HEARING

On October 7, 1997, the jury in this prosecution convicted defendant Abe Samana ("Samana") of the crimes of production of the controlled substance of marijuana and possession of the controlled substance of marijuana, and acquitted him of the crime of assault in the first degree. On October 17, 1997, Samana moved for a new trial. This motion was made before the judgment or sentence was announced and thus was premature under A.S.C.A. § 46.2402(a). Samana was sentenced on November 21, 1997. He was adjudicated guilty of the offenses for which he was convicted and sentenced concurrently to imprisonment for thirty years for the crime of production of marijuana and five years for the crime of possession of marijuana. On December 1, 1997, we heard the motion for a new trial, considering the motion to be filed in accordance with the statute.

On September 24, 1997, Samana filed a renewed motion to quash the search warrant issued in connection with this prosecution and to suppress the marijuana and other items seized as evidence under the search warrant. We heard this motion on September 29, 1997 and, taking into account her affidavit concerning any confidential informant's presence at the searched premises, received the testimony of Samana's wife, Abigail Samana ("Abigail"). Because the trial was scheduled to begin the following day, we took the motion under advisement. On October 10, 1997, following the jury's conviction of Samana, and predicated on Abigail's testimony, we issued an order for an *in camera* hearing with the confidential informant. However, on October 27, 1997, after further consideration of Abigail's testimony, we vacated the order for an *in camera* hearing. On October 31, 1997, Samana moved for reconsideration of the vacating order, which we also heard on December 1, 1997.

### Discussion

A. Motion for New Trial

Samana argues in support of his motion for a new trial that: (1) no rational trier of fact could have found him guilty of the crime of production of marijuana; and (2) the court improperly instructed the jury.

T.C.R.Cr.P. 33 states that "[t]he court on motion of a defendant may grant a new trial to him if required in the interest of justice." This motion is not one that is granted lightly. *See, e.g., United States v. Morales,* 902 F.2d 604, 605 (7th Cir. 1990)("A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly.")

## 1. Sufficiency of the Evidence

■ When a motion for new trial is based on the sufficiency of the evidence, the court should weigh the evidence and consider the credibility of the witnesses. We should set aside the verdict only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred, not merely because the court might reach a different result. *United States v. Lanier,* 838 F.2d 218, 284 (8th Cir. 1988); *United States v. Martinez,* 763 F.2d 1297 (11th Cir. 1985)

■ Abigail and Samana's daughter, Julia Samana ("Julia"), together with Samana, were residents of the searched premises and may also have culpability. However, the trier of fact could readily conclude from the evidence that Samana was in charge and control of the searched premises and its contents, including the substantial quantity of growing and harvested marijuana there. The evidence in this case was sufficient for the jury to find beyond a reasonable doubt that Samana produced the seized marijuana.

## 2. Jury Instruction

■ Samana requested that the court instruct the jury that the mere presence at a place where marijuana is found, without more, is not enough to convict. He based this request on *People v. Negrete-Gonzales,* 966 F.2d 1277 (9th Cir. 1992). However, in *Negrete-Gonzales,* the court stated, "[i]f the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." *Id.* at 1282; *see also United States v. Garcia-Cruz,* 978 F.2d 537, 540 (9th Cir. 1992).

The Government's case was built on evidence of Samana's control of the searched premises and the marijuana there. The mere presence instruction was not appropriate, and the jury was properly instructed on all elements of the crime.

## B. Motion for Reconsideration of Order Vacating *In Camera* Hearing

The Government used information from a confidential informant to obtain the search warrant that led to the seizure of the marijuana and other items, and then Samana's prosecution. Samana wants an *in camera* hearing to test the confidential informant's reliability.

■ As we stated in the Order Denying Motion for *In Camera* Hearing, issued on July 28, 1997, "[a]n evidentiary hearing to review probable

cause for a search warrant, whether *in camera* or otherwise, is only mandated where a defendant alleges 'deliberate falsehood' or 'reckless disregard for the truth,' and can 'support those allegation with an offer of proof.'" *Id.* at 2 (citing *Franks v. Delaware,* 438 U.S. 154, 171, 57 L.Ed.2d 667, 682 (1978)).

■ Samana was required to make a substantial preliminary showing that (1) the affiant deliberately or recklessly included a false statement in the affidavit submitted in support of the search warrant, and (2) the fallacious statement was material to the issuing judge's finding of probable cause. *See United States v. Motz,* 936 F.2d 1021, 1023 (9th Cir. 1991) (applying *Franks v. Delaware,* 438 U.S. 154 (1978)).

■ We find that the affidavits submitted by Samana in support of the present motion are not a substantial preliminary showing of these factors and that they do not warrant an *in camera* hearing with the confidential informant. Samana now offers new affidavits by Abigail and Julia. We find these affidavits self-serving, even less credible than Abigail's earlier affidavit and testimony, and wholly insufficient to meet the level of proof required for a Franks hearing. *See United States v. McDonald,* 723 F.2d 1288, 1292-94 (7th Cir. 1984) (holding that the *Franks* presumption of the validity of an affidavit supporting a search warrant cannot be overcome by a self-serving statement which purports to refute the affidavit). For example, Abigail and Julia both state in their affidavits, "During any period in which there were any visitors in my house I saw no evidence of any illegal substance in my house." These statements are ludicrous given the search that followed a short time later and the large quantities of marijuana found on the premises.

The affidavits, submitted at this late date, do not alter our previous reasoning or conclusions regarding the propriety of holding an *in camera* hearing with the confidential informant.

### Order

1. The motion for a new trial is denied.

2. The motion for reconsideration of the order vacating *in camera* hearing is also denied.