**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fernando MUNOZ–ELIAS,**
**Defendant—Appellant.**

No. 01–50396.
D.C. No. CR–00–03785–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided May 2, 2002.

Before HAWKINS, FISHER, Circuit Judges, and WEINER,* District Judge.

MEMORANDUM **

Munoz–Elias ("Munoz") appeals his conviction for importation of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841 & 960. Munoz first contends that the customs agent rendered otherwise proper Miranda warnings inadequate by adding a confusing and misleading explanation. The agent first read Munoz his Miranda rights in Spanish and had Munoz initial each category to indicate he understood. She then read Munoz a section of the form entitled "Waiver of Rights," and explained that signing this section indicated Munoz understood his rights and wanted to talk to the agents, but that "it didn't mean that he was giving his rights up" and he could stop answering questions at any time. Although Munoz contends this rendered the entire warning inadequate, he does not deny that he was properly informed of all his rights in Spanish first.

* Honorable Charles R. Weiner, Senior United States District Judge from the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The effect of the agent's unfortunately ambiguous and somewhat confusing subsequent statement goes to the issue whether Munoz made a knowing and intelligent waiver of his rights when he agreed to talk to the agents. The district court conducted an evidentiary hearing on this issue and concluded that Munoz had knowingly and intelligently waived his right to silence and to counsel. This finding was not clearly erroneous—Munoz was literate and planned to attend college, said he understood each right as it was read and indicated so on the form, signed the waiver portion of the form in a particularly individualized manner, and his testimony on other issues was contradicted by the agents, whom the district court found more credible.

For the first time on appeal, Munoz also argues that he invoked his right to silence before he made the damaging statement, and that the agents failed to honor or clarify his request.[1] Government agents must cease an interrogation whenever an arrestee "indicates in any manner ... that he wishes to remain silent." *Miranda v. Arizona*, 384 U.S. 436, 473–74, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When an assertion is ambiguous, agents may not continue the interrogation without at least clarifying the assertion. *Nelson v. McCarthy*, 637 F.2d 1291, 1296 (9th Cir.1980).

In this case, agent Somers testified at trial that, prior to confessing to knowledge of drugs in the vehicle, Munoz "said that was all he knew, he didn't have anything else to say." This court has previously construed similar statements such as "I'm not going to get all off into that" and "that's all I can say" as invoking the right to remain silent. *United States v. Garcia–Cruz*, 978 F.2d 537, 542 (9th Cir.1992); *see also United States v. Bushyhead*, 270 F.3d 905, 912–13 (9th Cir.2001) ("I have nothing to say, I'm going to get the death penalty anyway" was an invocation of right to remain silent), *cert. denied*, —— U.S. ——, 122 S.Ct. 1586, 152 L.Ed.2d 504 (2002). Munoz's statement was thus at least an ambiguous or equivocal invocation of his right to silence, and the agents should have clarified before continuing the interrogation. The error was therefore plain under the law.

The error was also prejudicial. Although there was some circumstantial evidence of knowledge, such as Munoz being the driver and sole occupant of the car and exhibiting some signs of nervousness at the initial checkpoint, the agents both testified at length about Munoz's confession and the prosecutor repeatedly and extensively referred to the confession in his summation. The confession was the only direct evidence of Munoz's knowledge that there were drugs in the vehicle. Because of the importance of the evidence to a central issue at trial, we find the error did affect the outcome, and exercise our discretion to correct the error. *Olano*, 507 U.S. at 735, 113 S.Ct. 1770.

REVERSED AND REMANDED.

---

1. The government contends we should treat this alleged error as intentionally relinquished. *United States v. Wright*, 215 F.3d 1020 (9th Cir.), *cert. denied*, 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000)(failure to raise a ground in support of pre-trial motion to suppress operates as waiver and places issue beyond plain error review). We believe

*Wright* is distinguishable, however, where, as here, the basis for the error was not revealed until testimony at trial. In such a case, it is a mere failure to timely assert an objection, and subject to review for plain error. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).