**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Behrouz Salamat RAVANDI,**
**Alan, Nasir, Samiry, Keyan,**
**Defendant—Appellant.**

No. 05–50845.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2007.*

Filed Dec. 21, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Michael J. Raphael, Esq., Anne M. Voigts, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Christopher Johns, Esq., Johns & Allyn, San Rafael, CA, for Defendant–Appellant.

Behrouz Salamat Ravandi, McRae, GA, pro se.

Before: PREGERSON, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Behrouz Ravandi ("Ravandi") appeals his conviction of attempted possession of 3.299 kilograms of opium with an intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and his 63–month sentence.

Ravandi argues that the district court erred by (1) not giving adequate jury instructions as to his theory of the case; (2) not finding that he was eligible for "safety valve" relief pursuant to 18 U.S.C. § 3553(f)(5); and (3) not holding an evidentiary hearing on the application of the "safety valve" provisions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

### I.  Jury Instructions

"A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *See e.g., United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). With respect to whether the instruction is supported by law—whether the substance of the instruction itself is correct and whether the other jury instructions adequately cover the defense theory of the case—this court's review is *de novo. See United States v. Gomez–Osorio,* 957 F.2d 636, 642 (9th Cir.1992); *United States v. Garcia–Cruz,* 978 F.2d 537, 540 (9th Cir.1992). With respect to whether the instruction has 'some foundation in evidence', we review for an abuse of discretion. *United States v. Heredia,* 483 F.3d 913, 921 (9th Cir.2007) (en banc).

Ravandi argues that the district court erred by failing to give his proffered instruction on character. As proposed, the instruction stated that the jury had "heard evidence of the defendant's character for truthfulness peacefulness, [and] honesty." The district court judge declined to give the instruction because it lacked foundation. We agree. The district court did not abuse its discretion by finding that the testimony of Ravandi's landlord, Mr. Dejkhah, did not provide an adequate evidentiary basis to support a jury instruction regarding Ravandi's "truthfulness peacefulness, [and] honesty." The proposed instruction was simply "[not] relevant to the [testimony] presented." *Heredia,* 483 F.3d at 921.

Ravandi also proffered an instruction that instructed the jury that a defendant's "mere presence" at the scene of a

crime does not demonstrate guilt. *See* Ninth Circuit Model Criminal Jury Instruction 6.9. Ravandi argues that this instruction was essential to the defense's theory of the case because he was simply present at the scene of the drug transaction wherein he was unwittingly waiting for the true principal to the crime to arrive.

The district court did not abuse its discretion in rejecting this instruction. "If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992), quoting *United States v. Chambers,* 918 F.2d 1455, 1460 (9th Cir. 1990). Here, Ravandi arrived twice at the drug parcel's destination after UPS indicated it had been delivered, took custody of the parcel, and placed it in the trunk of his car. Throughout these events, he was unaccompanied. On these facts, the Government's case consisted of both Ravandi's presence and his affirmative conduct. *See United States v. Medrano,* 5 F.3d 1214, 1218 (9th Cir.1993) (defendant's affirmative conduct showing his intent to possess the contraband renders "mere presence" instruction unnecessary).

Nor did the jury lack proper instruction on all elements of Ravandi's offense. The jury was instructed as to scienter and as to what constitutes possession, intent, and a knowing act. Ravandi's theory that he was unaware that the parcel contained opium was adequately covered by the jury instructions that addressed whether he had an "intent" to possess, and whether his possession was "knowing" in that he did not act through "ignorance, mistake, or accident." The "mere presence" instruction was not required for the jury to find that Ravandi lacked the requisite intent

and knowledge, therefore the remaining jury instructions "fairly and adequately covered the issues presented." *Medrano,* 5 F.3d at 1219.

■ Last, Ravandi argues that the district court erred in declining to give a "missing witness" instruction. *See* Ninth Circuit Model Criminal Jury Instruction 4.16. There are two prerequisites to obtaining a missing witness instruction: (1) the party seeking the instruction must show that the witness is peculiarly within the power of the party against whom the instruction is sought, *see, e.g., United States v. Brutzman,* 731 F.2d 1449, 1453–54 (9th Cir.1984) (unavailability resulted from an invocation of the privilege against self-incrimination), *overruled on other grounds by United States v. Charmley,* 764 F.2d 675, 677 n. 1 (9th Cir.1985); and (2) under the circumstances, "an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *United States v. Bramble,* 680 F.2d 590, 592 (9th Cir.1982).

Here, even if Ravandi's counsel had proffered a draft instruction to the court, which he failed to do, the district court would not have abused its discretion in rejecting the instruction because neither prerequisite was met: Ravandi's missing witness was not peculiarly within the power of the Government, and the circumstances do not suggest that the missing witness' "testimony, if produced, would [have been] unfavorable to the prosecution." *United States v. Kojayan,* 8 F.3d 1315, 1317 (9th Cir.1993) (internal citation omitted).

## II. Eligibility for Safety Valve Relief

■ Next, Ravandi challenges the district court's determination that he did not qualify for a downward adjustment under the safety-valve provision, 18 U.S.C. § 3553(f), because he failed to satisfy the

fifth requirement, § 3553(f)(5). Safety valve relief is aimed at defendants "who have made a good-faith effort to cooperate with the government." *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir.1996) (internal citation omitted). To satisfy this provision, "a defendant need only show ... that by the time of sentencing, he has 'truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses.'" *United States v. Mejia–Pimental*, 477 F.3d 1100, 1102 (9th Cir.2007) (internal citation omitted). We review the district court's factual determination that a defendant is ineligible for safety valve relief for clear error. *Mejia–Pimental*, 477 F.3d at 1103.

Ravandi argues that because he identified the individual who was the eventual recipient of the parcel and volunteered additional information about other people involved in criminal activity, he is eligible for safety valve relief. But Ravandi had two versions of events related to the drug parcel, the second arguably more incredible than the first. This second account, which involved a conspiracy between law enforcement and two employees of the beauty salon where the parcel was delivered, generated conflicting evidence as to whether Ravandi had provided a complete and truthful statement about his offense. On this record, the district court's determination that Ravandi was ineligible for safety valve relief was not clear error.

## III. Evidentiary Hearing

■ Finally, Ravandi argues that the district court should have conducted an evidentiary hearing—notwithstanding the fact that he did not request such a hearing—to determine his eligibility for safety valve relief.

In general, there is no general right to an evidentiary hearing at sentencing, *United States v. Real–Hernandez*, 90 F.3d

356, 362 (9th Cir.1996), but where a fact relevant to sentencing is disputed, the district court must provide the parties a "reasonable opportunity" to present information to the court. *See* Fed.R.Crim.P. 32(i)(1)(B); *see also* U.S.S.G. § 6A1.3(a). Ravandi argues that because there was a factual dispute regarding what transpired at the proffer session the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to conduct a *sua sponte* evidentiary hearing on his eligibility for safety valve relief. This argument fails not only because there does not appear to have been a factual dispute about what happened at the proffer session, but also because even if there was such a dispute, Ravandi's counsel took advantage of several opportunities to present information to the court.

**AFFIRMED.**