**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50299 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03263-L-1 |
| v. | |
| GASTON ORTIZ-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submission Deferred March 2, 2010
Resubmitted April 2, 2010
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

Defendant-Appellant Gaston Ortiz-Ortiz ("Ortiz") appeals his seventy-seven

month sentence imposed after his guilty plea to one count of reentering the United

States without permission in violation of 8 U.S.C. § 1326. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 18 U.S.C. § 3742.  There is no challenge to the conviction but there is a challenge to Ortiz's sentence.

We review the district court's interpretation of the United States Sentencing Guidelines ("Guidelines") de novo.  *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007).  Incorrect calculation of the applicable Guidelines range is reversible error.  *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.) (en banc), *cert. denied*, 128 S. Ct. 2491 (2008).

The district court erred by concluding that Ortiz's convictions under California Penal Code sections 288(c)(1) and 12021(a)(1) are categorical "crimes of violence" meriting a sixteen-level upward adjustment under Guidelines section 2L1.2(b)(1)(A).  *See United States v. Eduardo Castro*, No. 09-50164, slip op. at 4912 (9th Cir. Mar. 26, 2010); *United States v. Garcia-Cruz*, 978 F.2d 537, 542–43 (9th Cir. 1992); *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir. 1992).  The district court did not reach the modified categorical approach for either conviction, and no other conviction in the record before us supports a sixteen-level enhancement.  We vacate Ortiz's sentence and remand for resentencing on an open record.[2]  *United States v. Grisel*, 488 F.3d 844, 851–52 (9th Cir. 2007) (en banc).

---

[2] Because we vacate Ortiz's sentence on the basis of a Guidelines calculation error, we do not reach Ortiz's other allegations of sentencing error.

2

**VACATED and REMANDED.**