NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30329 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00085-RHW |
| v. | |
| ADRIAN A. WASHINGTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted August 9, 2012[**]
Seattle, Washington

Before: BLACK,[***] GRABER, and RAWLINSON, Circuit Judges.

Defendant Adrian A. Washington appeals his conviction for possession of a

firearm by a convicted felon, claiming the district court erred by denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

motion for a <u>Franks</u> hearing.  We review Washington's challenge de novo, <u>see</u> <u>United States v. Flyer</u>, 633 F.3d 911, 916 (9th Cir. 2011), and affirm.

To receive an evidentiary hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), the defendant must make a substantial showing that the government intentionally or recklessly omitted or falsified information and that such information was material to a finding of probable cause.  <u>United States v. Garcia-Cruz</u>, 978 F.2d 537, 541 (9th Cir. 1992).  If, after the alleged falsehoods are excised and the alleged omissions are included, an affidavit would still provide a basis for a finding of probable cause, the errors and omissions are immaterial.  <u>Id.</u>

Washington challenges an affidavit supporting a warrant to search his home for evidence of a drive-by shooting.  Washington claims the affiant intentionally or recklessly stated that his prior arrest for first-degree assault involved a gun, when it in fact involved a knife.  This claim is immaterial because even if the disputed text is excised, the affidavit contains sufficient facts for a finding of probable cause.  Specifically, the affidavit contains the following undisputed facts: (1) the victim of a drive-by shooting described his attackers as two men in a silver 2000 Mercedes-Benz; (2) officers located a silver 1999 Mercedes-Benz with two shell casings resting on the driver's-side wiper blade; (3) the shell casings were similar to those found at the scene of the shooting; (4) the vehicle was registered to Washington

and parked at Washington's address; (5) Washington had previously been arrested for first-degree assault; (6) Washington's brother contacted law enforcement and claimed he committed the drive-by in Washington's car as retaliation for an assault. These facts "reveal[] a fair probability that contraband or evidence" of the drive-by would be found at Washington's home. United States v. Celestine, 324 F.3d 1095, 1102 (9th Cir. 2003).

Washington also alleges that the affiant intentionally or recklessly omitted (1) additional details regarding the confession by Washington's brother; (2) witness speculation regarding other possible suspects; and (3) a telephone call made by Washington to the police three hours after the shooting. The inclusion of the alleged omissions does not vitiate probable cause when considered with the undisputed facts. Accordingly, a Franks hearing is unwarranted.

AFFIRMED.